IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAJUAN SAUNDERS, | : |
| Plaintiff | : |
| v. | : 3:17-CV-1686 |
| | : (JUDGE MARIANI) |
| THOMAS MCDONALD, et al., | : |
| Defendants | : |

## ORDER

AND NOW, THIS _30th_ DAY OF AUGUST, 2018, upon *de novo* review of Magistrate Judge Arbuckle's Report and Recommendation ("R&R") (Doc. 19), Plaintiff's Objections thereto (Doc. 20), and all other relevant documents, **IT IS HEREBY ORDERED THAT:**

1. The R&R (Doc. 19) is **ADOPTED** for the reasons set forth therein.

2. Plaintiff's Objections (Doc. 20) are **OVERRULED**. Plaintiff does not object to the Magistrate Judge's recommendation that his *Monell* claim (Count III) be dismissed. Instead, Plaintiff objects to the R&R's findings that Plaintiff's federal and state law false arrest/imprisonment claims (Counts II, IV) are barred by the statute of limitations. (*See* Doc. 20, at 2). Even taking as true Plaintiff's allegations that Defendants concealed information from Plaintiff, including his Criminal Complaint and the Affidavit of Probable Cause, these allegations help form the basis for

Plaintiff's federal and state law malicious prosecution claims. As Magistrate Judge Arbuckle explained:

> . . . the relief Plaintiff seeks under his false imprisonment claims may still be sought under his malicious prosecution claims. As stated in *Wallace* [*v. Kato*], once the victim has been arraigned, subsequent unlawful detention is not continued false imprisonment, but part of the damages for malicious prosecution. 549 U.S. at 390. Any relief Plaintiff[] seeks under his claim for false arrest/imprisonment may still be sought through his malicious prosecution claims. *Id*.

(Doc. 19, at 14). Furthermore, Plaintiff is now raising an argument he previously conceded. In his brief in opposition to the motion to dismiss, Plaintiff acknowledged that the statute of limitations period for the false arrest/false imprisonment claim began to run at the time he was arraigned in May, 2011, but argued that the statute of limitations should be equitably tolled because "Defendant actively mislead Plaintiff. . . ." (Doc. 16, at 10; *see also, id.* at 12-13). Plaintiff's objections do not address the R&R's analysis as to why equitable tolling is inappropriate in the current case. Nevertheless, the Court agrees with Magistrate Judge Arbuckle that neither of Plaintiff's false arrest/imprisonment claims should be subject to equitable tolling.

3. Defendants' Motion to Dismiss (Doc. 9) is **GRANTED IN PART AND DENIED IN PART AS FOLLOWS:**

    a. Defendants' Motion to Dismiss Plaintiff's Malicious Prosecution claim under 42 U.S.C. § 1983 (Count I) is **DENIED**.

b. Defendants' Motion to Dismiss Plaintiff's False Arrest/Imprisonment claim under 42 U.S.C. § 1983 (Count II) is **GRANTED**. Count II of Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

c. Defendants' Motion to Dismiss Plaintiff's Municipal Liability claim under 42 U.S.C. § 1983 and *Monell* (Count III) is **GRANTED**. Count III of Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

d. Defendants' Motion to Dismiss Plaintiff's state law False Arrest/Imprisonment claim (Count IV) is **GRANTED**. Count IV of Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

e. Defendants' Motion to Dismiss Plaintiff's state law Malicious Prosecution claim (Count V) is **DENIED**.

4. The case is **REMANDED** to Magistrate Judge Arbuckle for further proceedings consistent with this Order.

Robert D. Mariani
United States District Judge